IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRANDON DEAN JOHNSON, 1679361, ) | |
|       Petitioner, ) | |
| ) | |
| v. ) | No. 3:11-CV-2527-P |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|       Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Procedural Background**

Petitioner challenges his conviction for possession of a controlled substance, cocaine, with intent to deliver. *State of Texas v. Brandon Dean Johnson*, No. F-1051067-P (203rd Jud. Dist. Ct., Dallas County, Tex., Oct. 28, 2010).  Petitioner was sentenced to five years in prison. Petitioner did not file an appeal.

On February 10, 2011, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Johnson*, Application No. 40,737-02.  On September 7, 2011, the Court of Appeals denied the petition without written order on the findings of the trial court.

On September 27, 2011, Petitioner filed this federal petition.  He argues he received ineffective assistance of counsel when:

(1) counsel had a conflict of interest, failed to adequately advise Petitioner regarding essential elements of the case and did not spend much time on the case;

(2) counsel failed to subpoena Petitioner's witnesses, obtain the videotape, file pre-trial motions and determine whether Petitioner was competent;

(3) counsel failed to conduct an independent investigation, and sufficiently consult with Petitioner;

(4) counsel failed to properly prepare for trial which compelled Petitioner to plead guilty.

On January 3, 2012, Respondent filed his answer. On January 31, 2012, Petitioner filed a reply. The Court now determines the petition should be denied.

## II. Discussion

**1.    Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

See 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the

writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

**2.     Exhaustion**

Respondent argues Petitioner failed to exhaust his claims that counsel: (1) did not review the prosecutor's files; (2) did not conduct an independent investigation; (3) did not interview the state's witnesses; and (4) did not properly review the enhancement.

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302. This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claim in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner failed to raise these claims on state habeas review. Accordingly, the Texas Court of Criminal Appeals has not reviewed these claims. If this Court were to require Petitioner to return to state court to exhaust these claims, they would be subject to dismissal under the

abuse-of-the-writ doctrine. These claims are therefore procedurally barred.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

**3.    Guilty Plea**

Petitioner argues his guilty plea was involuntary due to ineffective assistance of counsel. Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v.*

*Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

In this case, Petitioner signed a plea agreement in which he admitted that he committed the offense as charged in the indictment, and that the enhancement paragraphs were true. (*Ex parte Johnson* at 24.) The plea agreement further stated that Petitioner's guilty plea was freely and voluntarily made. (*Id.*)

On state habeas review, the court found that Petitioner was admonished both in writing and in open court about the charges against him and the consequences of his plea. (*Id.* at 17.) The court found that Petitioner understood the charges and the consequences of his plea. (*Id.*) Petitioner has failed to show that his guilty plea was involuntary.

4.     **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206. This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*. at 206 (citing *Hill*, 474 U.S. at 56-58).

Petitioner argues his counsel was ineffective because he: (1) had a conflict of interest; (2) failed to advise Petitioner regarding all the essential elements of the case; (3) was unable to spend much time of the case which made it impossible to adequately advise Petitioner; (4) failed to subpoena Petitioner's witnesses; (5) failed to file a motion to obtain the video "that would demonstrate Applicant's innocence,"; (6) failed to file pre-trial motions; (7) failed to inquire about Petitioner's competency and failed to consult with Petitioner.

Petitioner does not state the nature of his counsel's alleged conflict of interest. He has

failed to state what elements of the case his counsel failed to explain and how this effected his plea.  He states his counsel failed to subpoena defense witnesses, but Petitioner has submitted no evidence that any witness was willing to testify at trial and would have testified favorably for the defense.  *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating that to establish the requisite *Strickland* prejudice, Petitioner must show that the testimony would have been favorable); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . .").  He states his counsel failed to obtain a video that would show his innocence.  The state habeas court stated there was no evidence that a video tape existed, and Petitioner has submitted no evidence of a video tape.  (*Ex parte Johnson* at 18.)  Petitioner states his counsel failed to file pre-trial motions, but the record shows counsel did file pre-trial motions.  (*Id*. at 27-31.)  Petitioner states his counsel failed to inquire regarding his competency.  Petitioner, however, has submitted no evidence that he was not competent at the time of his plea.  Finally, Petitioner has failed to show how a further consultation with his counsel would have benefitted the defense.  Petitioner's claims are conclusory and should be denied.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Further, once a guilty plea has been entered, all nonjurisdictional defects are waived.  *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)(citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)).  By Petitioner's guilty plea, he relieved the state of its burden to put forth evidence sufficient to sustain his conviction.  Petitioner's plea was knowingly, intelligently, and voluntarily entered.  Petitioner has therefore waived his right to demand any evidence to

sustain his conviction.

**5. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 3rd day of March, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).